60 F.3d 834
 76 A.F.T.R.2d 95-5727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William R. SMITH, Plaintiff-Appellant,
v.
Carolyn LEONARD; Paul Hoggatt; United States of America,
Defendants-Appellees.
 No. 94-35901.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided July 3, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William R. Smith appeals pro se the district court's dismissal of his action seeking declaratory relief regarding his claimed nontaxpayer status under the Internal Revenue laws and injunctive relief regarding the assessment and collection of federal income taxes for tax years 1990 and 1991. Smith contends the district court erred by removing the action from state to federal court, substituting the United States as a defendant, and dismissing the action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Smith contends the district court erred by removing the action from state to federal court pursuant to 28 U.S.C. Sec. 1441(a). This contention lacks merit because a federal question was presented on the face of the complaint. See Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1406 (9th Cir. 1991), cert. denied, 113 S. Ct. 2927 (1993).
 
 
 4
 Smith contends the district court erred by substituting the United States as a defendant in place of Internal Revenue Service (IRS) employees Carolyn Leonard and Paul Hoggatt, because Leonard and Hoggatt acted outside the scope of their employment when they sent Smith a notice of deficiency for 1990 and 1991. This contention lacks merit because the essential effect of the declaratory and injunctive relief sought would be against the United States. See Shermoen v. United States, 982 F.2d 1312, 1320 (9th Cir. 1992), cert. denied, 113 S. Ct. 2993 (1993).
 
 
 5
 Finally, Smith contends the district court erred by dismissing his action for failure to state a claim. Smith sought (1) a declaration that he is not a taxpayer and (2) an injunction against assessment and collection of federal income taxes. He claimed that his lumber sales were not taxable activity because he did not receive compensation in excess of the fair market value of the lumber. The district court correctly determined that the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, and the Anti-Injunction Act, 26 U.S.C. Sec. 7421(a), barred Smith's claims. See Hughes v. United States, 953 F.2d 531, 535-37 (9th Cir. 1992) (federal courts lack jurisdiction to grant declaratory relief with respect to tax or to enjoin assessment or collection of tax).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3